**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

FEB - 6 2006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CLERK<br>U. S. DISTRICT COURT<br>MIDDLE DIST. OF ALA. |
| | ) | |
| v. | ) | CR. NO. 3:05cr262-A |
| | ) | |
| GEREMIAS SANDOVAL | ) | |

### PLEA AGREEMENT

DEFENSE COUNSEL:              DONNIE BETHEL

ASSISTANT U.S. ATTORNEY:      TOMMIE BROWN HARDWICK

### COUNTS AND STATUTES CHARGED:
COUNT 1

> 18 U.S.C. § 922(g)(5)(A)
> It shall be unlawful for any person who, being an alien, illegally or unlawfully in the United States to possess in or affecting commerce, any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

### COUNT PLEADING PURSUANT TO PLEA AGREEMENT:
COUNT 1     18 U.S.C. § 922(g)(5)(A)

### PENALTY BY COUNT - MAXIMUM PENALTY:
COUNT 1     18 U.S.C. § 922(g)(5)(A)

> Not more than $250,000.00 fine, or twice the gross loss to victim or twice the gross gain to defendant, whichever is greatest; not more than 10 years imprisonment, or both a fine and imprisonment; not more than 3 years supervised release; a $100.00 assessment fee, and any money applicable under VWPA.

### ELEMENTS OF THE OFFENSE:
COUNT 1:     18 U.S.C. § 922(g)(5)(A)
FIRST:       The defendant is an illegal alien; and

SECOND:      The defendant possessed a firearm and ammunition.

1

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Tommie Brown Hardwick, Assistant United States Attorney, and Donnie Bethel, attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to Count 1 as charged in the Indictment, the attorney for the Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.

2. Pursuant to Rule 11(c)(1)(C), the government agrees that a sentence of ten (10) months, after the calculation by the United States Probation Officer and as determined by the Court, is an appropriate sentence in this case, provided that the defendant's criminal history does not exceed criminal history category I, and falls within Zone C. If the defendant's criminal history category does exceed category I, the sentence shall be adjusted to the low end of the applicable guidelines range.

3. The government agrees that there are no other applicable motions for a downward departure, except pursuant to U.S.S.G. § 3E1.1(b), acceptance of responsibility. Should the defendant file any motion for a downward departure, this plea agreement will become void, and the government will proceed to trial on all pending charges.

2

4. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

5. The defendant agrees to the following:

a. To plead guilty to Count 1 of the Indictment;

b. That the recommendation in paragraph 2 above, ten (10) months imprisonment is the appropriate sentence in this case, provided that the defendant's criminal history does not exceed criminal history category I, and falls within Zone C. If the defendant's criminal history category does exceed category I, the sentence shall be adjusted to the low end of the applicable guidelines range.

c. The defendant agrees that there are no other motions for a downward departure, except a motion pursuant to U.S.S.G. § 3E1.1(b), acceptance of responsibility. Should the defendant file any other motion for a downward departure, this plea agreement will become void, and the government will go forward to trial on all pending charges.

d. **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK -**

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding, except the defendant does not waive the right to appeal based upon ineffective assistance of counsel and prosecutorial misconduct.

Notwithstanding the above, Defendant reserves the right to file a direct appeal for an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of

3

sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history) or 5K2.0 (from offense level). Defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals Defendant's sentence pursuant to 18 U.S.C. § 3742, Defendant is released from this waiver.

## FACTUAL BASIS

6. The defendant understands the nature of the charges to which the plea is offered involves proof as follows:

On June 12, 2005, the defendant GEREMIAS SANDOVAL, was in Brady's Trailer Park, which is located on Dadeville Road, in Alexander City, Alabama, with codefendants, Misseal Flores Xochicale and Gualterio Guzman Xochicale. SANDOVAL possessed and fired a .22 caliber rifle, as described in the Indictment. Prior to possessing the firearm, SANDOVAL admits that he was born in Mexico, and entered the United States without first obtaining permission from the Secretary of Homeland Security. All in violation of Title 18, United States Code, Section 922(g)(5).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

7. The defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

4

b. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, the $100.00 assessment is to be paid by the defendant on the date of sentencing.

c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

f. Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

5

g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h. The defendant further advises the Court that it is understood that the Government can only enter an agreement between the parties which is not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant will have a right to withdraw the plea should the Court refuse to accept the plea agreement pursuant to Rule 11(c)(1)(C).

i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

j. The Defendant is satisfied that defense counsel has been competent and effective in representing defendant.

8. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category as calculated by the Probation Officer and determined by the court may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the

court determines defendant's offense level or criminal history category to be higher than defendant anticipated, the defendant will have a right to withdraw the plea pursuant to Rule 11(c)(1)(C).

Respectfully submitted on this __6th__ day of February, 2006.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

Louis V. Franklin, Sr., Chief
Criminal Division
Post Office Box 197
Montgomery, Alabama 36101
(334) 223-7280

Tommie Brown Hardwick, ASB4152 W86T
Assistant United States Attorney

7

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, DONNIE BETHEL.

GEREMIAS SANDOVAL
Defendant

2 / 6 / 2006
Date

DONNIE BETHEL
Attorney for the Defendant

6 Feb 06
Date
Attorney for the Defendant